IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 14, 2004 Session

## VANDERBILT MORTGAGE & FINANCE, INC. v.
## JOSEPH ROTELLO, ET AL.

**Appeal from the Circuit Court for Sevier County**
**No. 2003-0111-III      Rex Henry Ogle, Judge**

**No. E2003-01963-COA-R3-CV - FILED JULY 28, 2004**

Joseph and Nina Rotello ("Defendants") purchased a mobile home from Clayton Sevierville and financed the purchase through Vanderbilt Mortgage & Finance, Inc. ("Plaintiff"). After Defendants defaulted on the installment contract, Plaintiff filed suit and then filed a properly supported motion for summary judgment seeking possession of the mobile home. Defendants, who were proceeding *pro se*, filed a response to the motion for summary judgment, but failed to offer any competent proof to establish a genuine issue of material fact for trial. The Trial Court granted Plaintiff's motion for summary judgment, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Circuit Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and WILLIAM H. INMAN, SR. J., joined.

George T. Underwood, Jr., Knoxville, Tennessee, for the Appellants Joseph and Nina Rotello.

Anthony R. Steele, Knoxville, Tennessee, for the Appellee Vanderbilt Mortgage & Finance, Inc.

### OPINION

### Background

On April 23, 2001, Defendants entered into a Retail Installment Contract and Security Agreement (the "Agreement") to finance their purchase of a Clayton Dream Mobile Home and various accessories including a range, refrigerator, dishwasher, and microwave. The mobile home and accessories were sold to Defendants by Clayton Sevierville. Defendants financed $45,954.42 through Plaintiff.

Plaintiff filed a lawsuit in the Sevier County General Sessions Court seeking possession of the mobile home and accessories after Defendants allegedly defaulted on the Agreement. Defendants were served with process and a default judgment was entered awarding Plaintiff possession of the mobile home and accessories, as well as court costs. Defendants timely appealed the judgment of the General Sessions Court to the Sevier County Circuit Court.

On April 21, 2003, Plaintiff filed a motion for summary judgment and attached the affidavit of Esther Perez ("Perez"), Plaintiff's custodian of records and legal representative. According to Perez, Defendants defaulted on the Agreement in August of 2002 when they ceased making payments. Perez stated that Defendants were provided notice of their default and the outstanding balance on the Agreement was $50,953.88. In addition, Perez stated that the Agreement provided for reasonable attorney fees not to exceed 15% of the unpaid debt. Plaintiff also filed a statement of undisputed material facts. The undisputed facts set forth by Plaintiff were: 1) Defendants entered into the Agreement; 2) Defendants were in default of the Agreement by reason of non-payment; 3) notice of default was provided to Defendants; 4) the outstanding balance on the Agreement was $50,953.88; 5) the Agreement provided for reasonable attorney fees not to exceed 15% of the unpaid debt plus all costs of collection incurred as a result of non-payment; and 6) the security interest granted in the Agreement had been perfected by the notation of Plaintiff's lien on the Certificate of Title. All of these claimed undisputed facts were supported by the Perez Affidavit.

Defendants were *pro se* throughout the entire trial court proceedings. On May 29, 2003, Defendants filed a document titled "Summary and To the Court" (hereinafter "Summary") which was prepared by defendant Joseph Rotello. In the Summary, Defendants set forth what they claim to be false and misleading statements made to them by representatives of Clayton Sevierville ("Clayton") regarding the sale and condition of the mobile home. According to Defendants, Clayton made deliberately false and misleading statements regarding "warranty, age of the home, true condition of the home, rodent infestation, damage to appliances, weather damage to both the home and the heating and A/C system, sun damage, [and] improper construction." Defendants also detailed numerous problems they claimed to have had since purchasing the mobile home and sought additional time to conduct further investigations into the condition of the mobile home. Defendants stated:

> [W]e feel that these and other circumstances warrant that this court not rush into any hasty decision, and in fact, allow me and other parties to further conduct both investigations, and to proceed to have the home in question completely or partially disassembled by competent independent investigators experienced in these matters. These investigations will be both independent, and will be conducted under the auspices of HUD and I am advised, other Federal Agencies.

Defendants claimed to have incurred damages as a result of Clayton's false and misleading statements and requested that Plaintiff's motion for summary judgment be denied. The Summary was signed by Joseph Rotello, but was not notarized or otherwise sworn to.

On May 29, 2003, a hearing was held on Plaintiff's motion for summary judgment. At this hearing, the Trial Court granted Defendants an additional two weeks to file a response to Plaintiff's motion for summary judgment and statement of undisputed material facts. Defendants were given up to and including June 12, 2003, in which to file their response. Defendants filed their response on June 12th at 4:10 p.m. The response contained twenty-two numbered paragraphs wherein Defendants reiterated the various allegedly false and misleading statements made to them by Clayton representatives. Defendants also alleged that Plaintiff and Clayton should be considered one and the same because they were owned, operated, managed and controlled by the same boards of directors. Defendants again detailed the various problems and defects they encountered with the mobile home after purchasing it. Defendants demanded court costs and compensatory damages resulting from the false and misleading statements. While Defendants did not specify the amount of compensatory damages they were seeking, they did request punitive damages in the amount of $150,000. Defendants ended their response by claiming there were "multiple substantial, genuine and increasingly genuine issues for a full trial of this matter" and asked the Trial Court to deny Plaintiff's motion for summary judgment.

Defendants attached to their response an Inspection Report purportedly prepared by the Tennessee Department of Commerce and Insurance after that agency inspected Defendants' mobile home on August 22, 2002. The report covers forty-two specific complaints made by Defendants. Many, though not all, of these complaints involved cosmetic problems. The investigator's summary stated that the manufacturer of the mobile home should investigate and/or correct twenty of the forty-two items inspected, and the dealer should investigate and/or correct five of the items. The remaining items either already were corrected or were matters that needed to be resolved by the parties.

On June 26, 2003, the Trial Court granted Plaintiff's motion for summary judgment. According to the Trial Court, it had given Defendants until June 12th to file a response and had cautioned them that if no response was forthcoming, the motion for summary judgment would be granted. The Trial Court then stated:

> WHEREAS, pursuant to the records of the Circuit Court Clerk for Sevier County, Tennessee, Defendants have failed to answer or otherwise respond within the extended deadline as ordered by the Court. Thus, there being no response to the Motion nor rebuttal by Defendant[s] of Plaintiff's Statement of Material Facts pursuant to Rule 56.03, it is
>
> ORDERED, ADJUDGED and DECREED that Vanderbilt's motion is well taken and that summary judgment shall enter in favor of Vanderbilt....

The Trial Court then awarded possession of the mobile home and accessories to Plaintiff. The Trial Court specifically noted that its Judgment was not a bar to Plaintiff's seeking a deficiency judgment in the future.

On July 16, 2003, Defendants filed a Motion to Set Aside Summary Judgment. In this motion, Defendants claimed they did in fact file their response to the summary judgment motion within the deadline set by the Trial Court. Specifically, Defendants claimed they "complied with the Courts (sic) order and did indeed properly complete and file with the Court said Responsive Pleadings …." After a hearing on this motion, the Trial Court entered an order on August 4, 2003, which stated:

> Upon considering the pleadings, arguments, applicable Tennessee Rules of Civil Procedure, and applicable law, the Court determined that Defendants' Motion shall be and is DENIED and that the Final Summary Judgment entered by the Court on June 26, 2003, is affirmed.

Defendants appeal raising two issues. The first issue is whether the Trial Court erred in granting Plaintiff's motion for summary judgment based on Defendants' failure to file a timely response when in fact such a response had been filed. The second issue pertains to a separate lawsuit filed by Defendants on November 5, 2003, in the United States District Court for the Eastern District of Tennessee. In this federal court lawsuit, Defendants sued Clayton, Plaintiff, and other entities alleging, *inter alia*, fraud, breach of contract, breach of warranty, and violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et. seq.* In their second issue on this appeal, Defendants assert that Plaintiff's claim seeking possession of the mobile home should be transferred to the federal court because the litigation in that court involves many of the same issues and the same parties, and the federal court can address all of the various issues at once, whereas the state court lawsuit only concerns possession of the mobile home and accessories.

### Discussion

In *Blair v. West Town Mall*, our Supreme Court recently reiterated the standards applicable when appellate courts are reviewing a motion for summary judgment. *Blair v. West Town Mall*, 130 S.W.3d 761 (Tenn. 2004). In *Blair*, the Court stated:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *See Staples v. CBL & Assoc., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran*

*Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: 1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and 2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Staples*, 15 S.W.3d at 88.

\* \* \*

When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

*Blair*, 130 S.W.3d at 763-64, 767 (quoting *Staples*, 15 S.W.3d at 88-89).

Our Supreme Court also has provided instruction regarding assessing the evidence when dealing with a motion for summary judgment, stating:

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000).

This Court recently addressed a somewhat similar set of procedural facts in *Pate v. State*, No. E2003-00297-COA-R3-CV, 2003 Tenn. App. LEXIS 812 (Tenn. Ct. App. Nov. 20, 2003), *no appl. perm. appeal filed*. In *Pate*, the plaintiff filed suit against the State of Tennessee after she slipped and fell while on her way to class at Pellissippi State Technical Community College. The State filed a motion for summary judgment asserting the plaintiff was judicially estopped from pursuing her claim. The Claims Commission dismissed the claim solely because the plaintiff failed to file a timely response to the motion for summary judgment. *Pate*, 2003 Tenn. App. LEXIS 812, at **1, 5. We reversed the judgment of the Claims Commission stating:

> Pursuant to Tenn. R. Civ. P. 56, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered unless and until the moving party either affirmatively negates an essential element of the non-moving party's claim or conclusively establishes an affirmative defense. *Staples*, 15 S.W.3d at 88. In other words, until the moving party affirmatively negates an essential element of the non-moving party's claim or conclusively establishes an affirmative defense, the non-moving party has no duty to respond. It necessarily follows that a motion for summary judgment should not be granted solely because the non-moving party failed to respond. This is so because there first must be a determination that the moving party met her burden either by affirmatively negating an essential element of the non-moving party's claim or conclusively establishing an affirmative defense before the motion can be granted. If the moving party has met her burden, and assuming no timely response has been filed by the non-moving party, then the proper manner for the Commission to dispose of the motion for summary judgment would be to grant the motion because the non-moving party failed to respond and it is otherwise appropriate under Rule 56 to grant the motion.

*Pate*, 2003 Tenn. App. LEXIS 812, at ** 15-16.

In the present case, the Trial Court stated that after considering the pleadings, arguments of counsel, and the Rules of Civil Procedure, it would grant Defendants additional time in which to file "specific responses" to Plaintiff's motion for summary judgment. Believing no timely response had been filed, the Trial Court then granted the motion for summary judgment stating it was "well taken." It is implicit in the Trial Court's judgment that Plaintiff's motion for summary judgment, the Perez affidavit, and the statement of undisputed facts considered together were sufficient under *Blair* and *Staples* to trigger a burden on Defendants to produce evidence establishing the existence of a genuine issue of material fact for trial. *See Blair*, 130 S.W.3d at 767, *Staples*, 15 S.W.3d at 88-89. The Perez affidavit established the existence of Defendants'

contractual Agreement with Plaintiff, a breach of that Agreement, notice to Defendants of their breach, and the amount of the outstanding indebtedness. We agree with the Trial Court's implicit conclusion that Plaintiff's motion for summary was properly supported and thereby triggered a duty on the part of Defendants to produce competent evidence establishing the existence of a genuine issue of material fact.

Although the Trial Court correctly determined that Plaintiff's motion for summary judgment was properly supported, the Trial Court was acting under the misapprehension that Defendants had not filed a response when the motion for summary judgment initially was granted.[1] Unfortunately, this Court has not been provided with a transcript of the hearing on Defendants' Motion to Set Aside Summary Judgment, and so we do not know exactly what took place. In the order affirming its previous grant of summary judgment, the Trial Court stated it was doing so after considering the pleadings, arguments, and applicable law. In order for the Trial Court to conclude that its previous grant of summary judgment was proper, it must have determined that Defendants' previously unconsidered response to the summary judgment motion was, nevertheless, insufficient to create a genuine issue of material fact. After our own review of the record to determine whether the Rule 56 requirements were met, we agree with this conclusion.

In their response to the motion for summary judgment, Defendants failed to provide any sworn affidavits or other form of competent proof as required by Tenn. R. Civ. P. 56.06, which provides in relevant part as follows:

> **Rule 56.06. Form of Affidavits – Further Testimony – Defense Required. –** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.…

---

[1] The record is unclear why Defendants' response was not in the court clerk's file, which unfortunately resulted in the Trial Court mistakenly believing no response had been filed by the June 12th deadline.

We acknowledge that Defendants were proceeding *pro se* before the Trial Court. While *pro se* litigants are unquestionably entitled to fair and equal treatment as they pursue litigation, they are not excused from complying with applicable procedural and substantive requirements. *See e.g., Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Giving Defendants the benefit of every reasonable doubt, it is nonetheless clear that in their response they never denied with competent proof or otherwise: 1) the existence of the Agreement; 2) that they were in default of that Agreement; or 3) that they had been provided notice of the default, etc. Defendants did claim they were having numerous problems with the mobile home and that there were many misrepresentations by Clayton. These allegations may well be pertinent in a lawsuit involving Clayton, but Clayton simply is not a party to this lawsuit. Although Defendants insist that Plaintiff and Clayton should be considered one and the same because they have the same management and boards of directors, Defendants offered absolutely no competent proof to support this allegation.[2]

We conclude that Defendants failed to establish a genuine issue of material fact for trial and, therefore, the Trial Court's grant of summary judgment to Plaintiff is affirmed. In reaching this conclusion, we express no opinion whatsoever on Defendants' various allegations regarding the condition of the mobile home or the alleged misrepresentations by Clayton.

The second issue involves Defendants' request that this Court essentially transfer the present case to the United States District Court so the issues herein can be resolved along with the other issues presented in that case. Defendants have cited us no authority, nor are we aware of any, which would indicate that we have the power to transfer this case to the federal court system. Even if we did have such an option, we would, respectfully, decline. This issue is without merit.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. Costs on appeal are assessed against the Appellants Joseph Rotello and Nina Rotello, and their surety.

_____
D. MICHAEL SWINEY, JUDGE

---

[2] We hold only that Defendants failed to offer competent proof that Plaintiff and Clayton are one of the same. Of course, this does not mean that such proof actually does or does not exist.