IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 12, 2005 Session

CATHY L. CHAPMAN, ET AL. v. RICK J. BEARFIELD

Appeal from the Circuit Court for Washington County
No. 8999     Jean A. Stanley, Judge

No. E2004-02596-COA-R3-CV - FILED AUGUST 16, 2005

Cathy L. Chapman, Brandon Chapman, Kaylan L. Chapman, and Dana L. Chapman ("Plaintiffs")
retained attorney Rick J. Bearfield ("Defendant") to represent them in a medical malpractice action.
During the course of this representation, Defendant filed an amended complaint repudiating a theory
of the case originally alleged.  Plaintiffs later hired new counsel and filed a legal malpractice action
against Defendant.  Defendant filed a motion for summary judgment, which the Trial Court granted
on the grounds that Plaintiffs' expert's affidavit was deficient technically and did not comply with
the locality rule.  We vacate the grant of summary judgment.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;
Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and
SHARON G. LEE, J.J., joined.

John J. Bandeian, Bristol, Tennessee, and Donald K. Vowell, Knoxville, Tennessee, for the
Appellants, Cathy L. Chapman, Brandon Chapman, Kaylan L. Chapman, and Dana L. Chapman,
Minors, by and through their Mother and natural Guardian, Cathy L. Chapman.

Jason W. Blackburn, Johnson City, Tennessee, for the Appellee, Rick J. Bearfield.

# OPINION

## Background

Plaintiffs retained Defendant to file a medical malpractice suit on their behalf. The malpractice case arose out of the medical treatment and death of William Chapman, husband of plaintiff Cathy L. Chapman, and father of plaintiffs Brandon Chapman, Kaylan L. Chapman, and Dana L. Chapman. Defendant filed a complaint on Plaintiffs' behalf in April of 2001 alleging that William Chapman died as a result of pulmonary embolus, an event which the complaint alleged would have been prevented but for medical negligence. In June of 2002, an agreed order was entered allowing Defendant to amend the complaint in the medical negligence action. Defendant then filed an amended complaint on Plaintiffs' behalf alleging that William Chapman's death "was, in fact, not the result of a pulmonary embolus," but was caused by "gastrointestinal upset, agonal emesis and aspiration, an asphyxial death with no cardiac contribution and no contribution by the non-substantiated pulmonary thromboembolus to the left lower lobe."

Plaintiffs became dissatisfied with Defendant's representation, retained other counsel, and filed this suit against Defendant in July of 2004 alleging legal malpractice for, among other things, alleging in the amended complaint "that there were no cardiac contributions and that no pulmonary embolus was involved in [William Chapman's] death." Plaintiffs also sought a stay of the legal malpractice suit pending final resolution of the underlying medical malpractice action.

Defendant filed a motion for summary judgment supported by his own expert witness affidavit opining that he was familiar with "the standard of care required of attorneys located in the upper East Tennessee area" and that he and the attorneys under his direction did not fall below or deviate from the standard of care. Plaintiffs opposed the motion for summary judgment by filing the expert witness affidavit of attorney Richard L. Duncan. Mr. Duncan stated in his affidavit that he was "familiar with the standard of care for attorneys in medical malpractice cases in Tennessee." Mr. Duncan's affidavit also stated that he had reviewed documents including specified pleadings and "expert witness affidavits submitted by [Defendant]..." and opined that Defendant breached the standard of care by repudiating in the amended complaint a theory supported by the evidence. Mr. Duncan's affidavit did not have attached to it the documents referred to by Mr. Duncan in his affidavit. On October 5, 2004, only two days before the hearing on the motion for summary judgment, Defendant filed his amended affidavit in which he referred to specific medical records and written expert reports. Defendant attached copies of some, but not all, of the documents referenced in his amended affidavit.

The Trial Court heard argument on the motion for summary judgment on October 7, 2004. At the hearing, Plaintiffs requested additional time to supplement their expert affidavit. On October 8, 2004, the day after the hearing, but before the Trial Court rendered its decision on October 18, 2004, Plaintiffs filed Mr. Duncan's amended expert affidavit with copies of the documents referenced therein attached. Mr. Duncan's revised affidavit also stated that he was

"familiar with the standard of care for attorneys practicing medical malpractice cases in Tennessee... including upper East Tennessee and other similar communities in Tennessee."

The Trial Court entered its order October 18, 2004, granting Defendant's motion for summary judgment. The October 18 order, *inter alia*, denied Plaintiffs' oral motion to supplement their expert affidavit and refused to consider Mr. Duncan's amended affidavit filed by Plaintiffs on October 8, 2004. The October 18 order also found and held that Plaintiffs' expert's affidavit was technically deficient as it did not have attached sworn or certified copies of all papers or parts thereof referred to in the affidavit as required by Rule 56.06 and because it did not meet the "locality rule" for an expert witness. The October 18 order also found and held, apparently with this ground not having been raised by Defendant and therefore not addressed by Plaintiffs, that "[i]t does not appear that Plaintiffs have suffered any actual injury" because a motion to re-amend Plaintiffs' medical malpractice complaint had been argued but not yet decided. In addition, the October 18 order denied Plaintiffs' motion for a stay. Plaintiffs appeal to this Court.

## Discussion

Although not stated exactly as such, Plaintiffs raise seven issues on appeal:1) whether the Trial Court erred in disallowing Plaintiffs' expert's affidavit because it did not meet the locality rule for an expert witness; 2) whether the Trial Court erred in disallowing Plaintiffs' expert's affidavit because sworn or certified copies of all papers or parts thereof as referred to in the affidavit were not attached; 3) whether the Trial Court erred by not permitting Plaintiffs time to supplement the affidavit of their expert witness; 4) whether the Trial Court erred in granting summary judgment based upon Defendant's expert affidavit; 5) whether the Trial Court erred in granting summary judgment on the ground that Plaintiffs had failed to establish an actual injury; 6) whether the Trial Court erred in not staying the legal malpractice case pending resolution of the underlying medical malpractice action; and, 7) whether the Trial Court erred by holding Plaintiffs to a heightened adherence to the Rules of Civil Procedure due to the fact that this was an attorney malpractice action.

In *Blair v. West Town Mall*, our Supreme Court recently reiterated the standards applicable when appellate courts are reviewing a motion for summary judgment. *Blair v. West Town Mall,* 130 S.W.3d 761 (Tenn. 2004). In *Blair*, the Court stated:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *See Staples v. CBL & Assoc., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: 1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and 2) the moving party is

entitled to a judgment as a matter of law on the undisputed facts. *Staples*, 15 S.W.3d at 88.

* * *

When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

*Blair,* 130 S.W.3d at 763, 767 (quoting *Staples*, 15 S.W. 3d at 88-89) (citations omitted)).

Our Supreme Court also has provided instruction regarding assessing the evidence when dealing with a motion for summary judgment stating:

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall,* 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn. 2000).

We begin by addressing whether the Trial Court erred in disallowing Plaintiffs' expert's affidavit because it did not meet the locality rule for an expert witness. The "locality rule" referred to by the Trial Court requires an expert to be familiar with the acceptable standard of professional practice, or the acceptable standard of care, in that locality with "locality" being defined as that community or a similar community. Defendant cites cases from this Court that have interpreted the Tennessee Supreme Court's opinion in *Spalding v. Davis*, 674 S.W.2d 710 (Tenn.

-4-

1984)[1], to have held that the locality rule is applicable to legal malpractice cases as well as to medical malpractice cases. *Underwood v. Waterslides of Mid-America, Inc.* 823 S.W.2d 171, 182-3 (Tenn. Ct. App. 1991); *Anthony v. Felknor & Cunningham*, C.A. No. 146, 1988 Tenn. App. LEXIS 601 (Tenn. Ct. App. Sept. 30, 1988), *appl. perm. appeal denied Jan. 3, 1989*; *Cleckner v. Dale*, 719 S.W.2d 535 (Tenn. Ct. App. 1986). *See also Martin v. Sizemore*, 78 S.W.3d 249, 273 n.14 (Tenn. Ct. App. 2001) (citing *Underwood* and stating "Another panel of this court has stated in dicta that the same locality rule that applies to physicians also applies to lawyers giving expert opinions in legal malpractice cases.")

We acknowledge these cases, but respectfully believe they are based upon an overly broad reading of the Supreme Court's holding in *Spalding v. Davis*. In pertinent part, *Spalding v. Davis* states:

> The settled general rule in most if not all American jurisdictions is that an attorney to whom the conduct of litigation is entrusted may be held liable to his client for damages resulting from his failure to exercise ordinary care, skill, and diligence, or, as it is frequently expressed, that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys in practice in the jurisdiction.

*Spalding,* 674 S.W.2d at 714. Thus, *Spalding* speaks about "the jurisdiction," not "the locality." The jurisdiction for a Tennessee attorney is Tennessee. We base this determination, in part, upon the fact that *Spalding* discusses the "settled general rule in most if not all American *jurisdictions...*," which we can interpret only to mean that the "jurisdictions" referred to are the fifty states. *Id.* (emphasis added). *Spalding* should not be read to create a locality rule in legal malpractice cases as it instead creates a "jurisdiction" rule with the "jurisdiction" being Tennessee.

We further base our determination that there is no locality rule in legal malpractice actions on the absence of any statute creating such a rule. The locality rule applicable in medical malpractice actions is a creation of statute. *See* Tenn. Code Ann. § 29-26-115. This medical malpractice locality rule is the only locality rule which our Legislature has enacted by statute. Our Legislature specifically created the locality rule for medical malpractice cases, but did not create a similar statute applicable to legal malpractice cases. Further, we note that this Court has recognized that no locality rule exists in other types of professional malpractice actions. *Underwood*, 823 S.W.2d at 183 (finding "that the requirement that an expert be familiar with the local standard of care is the exception rather than the rule. We find no cases that apply that exception to the standard of care applicable to engineers and contractors in Tennessee.").

We hold that there is no locality rule for an expert witness in legal malpractice actions, other than the expert witness must be familiar with the standard of care "which is commonly possessed and exercised by attorneys in practice in the jurisdiction," here Tennessee. *Spalding*, 674

---

[1]*Spalding* was overruled in part on other grounds by *Meadows v. State*, 849 S.W.2d 748, 752 (Tenn. 1993).

S.W.2d at 714. If *Spalding* created a "locality rule" for legal malpractice actions, the "locality" is the State of Tennessee.

We also note that Defendant's affidavit states that he is familiar with the "standard of care required of attorneys located in the upper East Tennessee area." Frankly, we are unable to accept that the "upper East Tennessee area" is a separate "jurisdiction" under *Spalding*. We further note that the revised expert affidavit submitted by Plaintiffs, which the Trial Court refused to consider, states that Plaintiffs' expert also is familiar with the standard of care in the "upper East Tennessee" area. We are just as puzzled as to what separate "jurisdiction" "upper East Tennessee" is supposed to be, whether it is referred to in the Plaintiffs' expert's affidavit or in the Defendant's affidavit.

In any event, such a determination is unnecessary as we believe *Spalding* holds only that the expert witness in a legal malpractice case must be familiar with the standard of care of attorneys practicing in the State of Tennessee. Therefore, the Trial Court erred in refusing to consider Plaintiffs' expert's affidavit based upon the "locality rule." Having acknowledged the differing interpretations of *Spalding*, we respectfully suggest that the question of whether there exists a locality rule, other than the "locality" being Tennessee, for expert witnesses in legal malpractice actions is an appropriate issue for our Supreme Court to resolve.

We next will consider whether the Trial Court erred in disallowing Plaintiffs' expert's affidavit because sworn or certified copies of all papers or parts thereof referred to in the affidavit were not attached. In pertinent part, Tennessee Rule of Civil Procedure 56.06 provides:

> **56.06. Form of Affidavits – Further Testimony – Defense Required. –** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . . Expert opinion affidavits shall be governed by Tennessee Rule of Evidence 703.

Tenn. R. Civ. P. 56.06.

Tennessee Rule of Evidence 703 provides:

> **Rule 703. Bases of opinion testimony by experts. –** The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence. The court shall disallow testimony in the form of an opinion or inference if the underlying facts or data indicate lack of trustworthiness.

Tenn. R. Evid. 703.

Rule 56.06 clearly states: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Mr. Duncan's first affidavit did not have attached copies of papers or parts thereof referred to in his affidavit. Nor were such copies served with it. Plaintiffs argue that because Tenn. R. Evid. 703 states: "If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence," this somehow trumps the mandate contained in Rule 56.06 that the documents must be attached. However, "need not be admissible in evidence" and "shall be attached thereto" are two very different concepts. Documents may not need to be admissible under Rule 703, but under Rule 56.06 they clearly must be attached. Mr. Duncan's affidavit did not have the documents attached or served with it, and therefore, the Trial Court did not err when it refused for this reason to consider Mr. Duncan's first affidavit.

However we next must consider whether the Trial Court erred by not permitting Plaintiffs time to supplement the affidavit of their expert witness. Plaintiffs attempted to correct the technical deficiency discussed above by filing an amended affidavit with copies of the documents referenced attached to it one day after the hearing on the motion for summary judgment but before the Trial Court rendered its decision. The Trial Court refused to consider this amended affidavit.

Tennessee Rule of Civil Procedure 56 provides specific time limits applicable to motions for summary judgment. In pertinent part, Rule 56.04 provides:

> **56.04. Motion and Proceedings Thereon. –** The motion shall be served at least thirty (30) days before the time fixed for the hearing. The adverse party may serve and file opposing affidavits not later than five (5) days before the hearing. . . .

Tenn. R. Civ. P. 56.04.

Plaintiffs did not comply with the five day time limit set out in Rule 56.04 when they filed their expert's amended affidavit the day after the hearing. Importantly, however, neither did Defendant when he filed his amended affidavit on October 5, 2004, a mere two days before the October 7, 2004 hearing. Plaintiffs were required by Rule 56.04 to file their "opposing affidavits not later than five (5) before the hearing...," which at a minimum presupposes that the movant's affidavits are filed more than five (5) days before the hearing. Defendant's filing his amended affidavit only two days before the hearing made it impossible for Plaintiffs to file their opposing affidavits in response to this amended affidavit not later than five (5) days before the hearing. Yet the Trial Court apparently chose to consider Defendant's amended affidavit and not to consider Plaintiffs' amended expert affidavit filed only three days later. In addition, Defendant's amended affidavit suffered from the same technical deficiency that Plaintiffs' original affidavit suffered, namely, not all of the documents referred to in it were attached or served with it.

We hold that it was error for the Trial Court to refuse to consider Plaintiffs' amended expert affidavit given that the Trial Court considered Defendant's amended affidavit even though it was served and filed only two days before the hearing and it suffered the same technical deficiency as Plaintiffs' original affidavit. To hold otherwise would allow a movant to file a perfunctory affidavit when he files his motion for summary judgment and wait until two days, or even one day, before the hearing to file a much more detailed affidavit thereby preventing the adverse party from either complying with the requirements of Rule 56.04 or effectively addressing those matters raised in the movant's amended affidavit. We, therefore, vacate the grant of summary judgment.

Our resolution of Plaintiffs' first three issues renders the remaining issues moot. We vacate the Trial Court's October 18, 2004 order in its entirety. Our resolution of this appeal is to be taken in no way as any commentary as to the validity or invalidity of Plaintiffs' claim against Defendant. Although we do not directly address the issue of whether the Trial Court erred in not staying this case pending a resolution of the underlying medical malpractice action, we suggest that this would be an appropriate situation in which to exercise the conservation of scarce judicial resources. *See Carvell v. Bottoms,* 900 S.W.2d 23 (Tenn. 1995).

## Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court. The costs on appeal are assessed against the Appellee, Rick J. Bearfield.

_____
D. MICHAEL SWINEY, JUDGE