IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

FILED

November 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

REGINA DARLENE HUNTER )  FOR PUBLICATION
                                            )
                                            )  FILED: NOVEMBER 10, 1997
          Plaintiff-Appellant  )
                                            )  ROANE COUNTY
v.                                      )
                                            )  HON. RUSSELL E. SIMMONS, JR.,
ED BROWN, JR.                   )       JUDGE
                                            )
                                            )  NO. 03-S-01-9607-CV-00070
          Defendant-Appellee  )

For Plaintiff-Appellant:         For Defendant-Appellee:

JERROLD L. BECKER               PATRICK C. COOLEY
Knoxville, TN                          Kingston, TN

                                              JOHN M. MCFARLAND
                                              Kingston, TN
                                              and
                                              THOMAS A. PAVLINIC
                                              Annapolis, MD
                                              As Amicus Curiae

OPINION

AFFIRMED                                                                    BIRCH, J.

In this action for damages, the plaintiff, Regina Darlene Hunter, alleged that as a child she was sexually abused by the defendant, Ed Brown, Jr., but was unable to file this action prior to 1993 because she repressed the memory of the abuse. The trial court found no reason to toll the statute of limitations and granted the defendant's motion for summary judgment. The Court of Appeals affirmed.

The issue before us is whether the discovery rule applies to affect the accrual of Hunter's claim. We conclude, after a thorough examination of the record and a careful consideration of the arguments, that under the circumstances here presented, the discovery rule does not apply. Consequently, Hunter's claim accrued in 1982, and her action filed July 15, 1993, is untimely. Accordingly, the order of summary judgment granted to the defendant is affirmed.

I

Regina Darlene Hunter was born on October 13, 1967, and she spent the greater portion of her childhood in foster care. In June 1981, she was placed in the foster home of Mr. and Mrs. Ed Brown, Jr. According to Hunter, Ed Brown, Jr., began sexually abusing her in July 1981--a month after her placement in the Brown home. The abuse progressed from fondling to fairly frequent sexual intercourse, and Hunter became pregnant in the spring of 1982.

When Patricia Martin, the Department of Human Services caseworker in charge of Hunter's case, learned of the pregnancy, she removed Hunter from the Brown home. Martin then arranged for an abortion at a Knoxville facility, and the pregnancy was terminated in June 1982.

In addition to the physician who determined Hunter was pregnant and Martin, Hunter told others of the abuse. At the physician's insistence, Hunter told the defendant's wife that Brown had impregnated her--this was done while the plaintiff and Mrs. Brown were still in the physician's office. In addition, Martin and Hunter talked with the district attorney general about the abuse. Hunter has no specific recollection of the conversation with the district attorney general, and there is no indication that the complaint was ever investigated. After the abortion, Hunter was re-located to a group home in Nashville, Tennessee. According to Hunter, at a time subsequent to the 1982 abortion, she repressed the memory of it.

Approximately eight years later, in August 1990, Hunter gave birth to a daughter. The medical records associated with the birth contain the following references to the 1982 rape and abortion: "6/27/90 Surgery: abortion - Knox age 15; raped does not know much about it," "Abortion - age 15 - raped - doesn't remember," and "PAST HISTORY: Positive only for an abortion at an early age". In an affidavit, Hunter states:

4

> I deny any memory of ever having told anyone about my <u>abortion</u> in 1982 while under Dr. Foote's care in 1990 or at Harriman Hospital in 1990.

In 1992, Hunter became pregnant again. She decided to abort and returned to the facility where the 1982 pregnancy had been terminated. She underwent an abortion procedure in June 1992. As she was recovering from the effects of the anesthesia, Hunter began to remember the prior abortion. In her affidavit, Hunter stated that "until I [went] to the Reproductive Health Center in July of 1992, I had completely repressed my first visit to the Center. I only remembered the details of the abuse and rape when I had been in therapy with Ms. Schwind."

In the months following the second abortion, Hunter participated in therapy sessions with Erika Schwind, a licensed clinical social worker. With Schwind's assistance, Hunter recalled "the extent and type of sexual and physical abuse by Mr. Brown committed upon me. . . ."

Hunter filed this action on July 15, 1993. She sought compensatory and punitive damages from Brown for his alleged sexual conduct toward her. The defendant moved for a judgment on the pleadings and contended that the suit was barred by the statute of limitations.[1]

---

[1]The trial court permitted the introduction of affidavits, depositions, and medical records and treated the motion as one for summary judgment.

The trial court held that Hunter's statement that she did not remember supplying the information found in the medical records was insufficient to establish a genuine issue of material fact as to whether in 1990, Hunter remembered the incidents that had occurred in 1982. The trial court granted the defendant's motion and dismissed the case. The intermediate court affirmed.

## II

This matter comes to us by way of a motion for judgment on the pleadings--a motion that the trial court properly treated as a motion for summary judgment. Because it involves only questions of law, no presumption of correctness attaches to the trial court's decision to grant summary judgment. On appeal, we must freshly determine whether the requirements of Tenn. R. Civ. P. 56 have been met. Gonzales v. Alman Constr. Co., 857 S.W.2d 42, 44-45 (Tenn. App. 1993)(citing Hill v. City of Chattanooga, 533 S.W.2d 311, 312 (Tenn. App. 1975)). In doing so, we must consider the pleadings and the evidentiary materials in the light most favorable to the movant's opponent, and we must draw all reasonable inferences in the opponent's favor. Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993).

As stated, Hunter filed this action on July 15, 1993. Actions to recover damages for personal injuries must be commenced "within one (1) year after the cause of action accrued." Tenn. Code

6

Ann. § 28-3-104(a)(Supp. 1996).  Thus, if Hunter's cause of action accrued on or before July 15, 1992, her claim is barred.[2]

A cause of action generally accrues when the tort is complete and injury to the plaintiff has occurred.  See McCroskey v. Bryant Air Conditioning Co., 524 S.W.2d 487, 489-90 (Tenn. 1975)(citing cases).  In certain tort actions, however, the accrual of the cause of action is deferred until the injury is discovered or in the exercise of reasonable care and diligence, the injury should have been discovered.  Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc., 876 S.W.2d 818, 820 (Tenn. 1994)(declining to apply the discovery rule to slander claims).

Under the discovery rule, the cause of action accrues and the statute of limitations begins to run when the injury is discovered, or in the exercise of due care and diligence, the plaintiff discovers that he or she has a right of action.  Potts v. Celotex Corp., 796 S.W.2d 678, 680 (Tenn. 1990); McCroskey, 524 S.W.2d at 491.  The discovery rule applies only "in cases where the plaintiff does not discover and reasonably could not be expected to discover that [she] had a right of action."  Potts, 796 S.W.2d at 680.  Further, the limitations period is tolled only during the period when the plaintiff has no knowledge at all that a wrong has occurred and, as a reasonable person, was not put on inquiry.

---

[2]Because at the time of the alleged injury Hunter was a minor, the one-year statute began to run when Hunter reached the age of eighteen years.  Hunter's eighteenth birthday occurred on October 13, 1985.

7

<u>Potts</u>, 796 S.W.2d at 680-81; <u>Hoffman v. Hospital Affiliates, Inc.</u>, 652 S.W.2d 341, 344 (Tenn. 1983).

Hunter insists that she did not discover her injury nor could she reasonably have discovered it until July 1992, the time of the second abortion. However, it is not disputed that Hunter retained her memory of the events in 1982 for some period of time because she reported the abuse to her social worker who took her to speak to the district attorney general. Although no prosecution ever followed, clearly Hunter knew she had been injured and knew the identity of the perpetrator. The discovery rule simply delays the accrual of the cause of action until the plaintiff is aware of the injury. Hunter was aware of the injury and the wrong, at the very latest, when she had the abortion in 1982. Therefore, the facts in this case do not fairly raise the issue of repressed memory. We hold until another day the applicability of this theory to cases of sexual abuse.

As stated, because Hunter was a minor when the cause of action accrued, Tenn. Code Ann. § 28-1-106 extended the period within which Hunter could file an action to one year beyond her eighteenth birthday. Because this action was not filed until approximately eight years after Hunter's eighteenth birthday, it is time-barred.

The judgment of the Court of Appeals is affirmed. Costs of this cause are taxed to Hunter for which execution may issue, if necessary.

8

_____
ADOLPHO A. BIRCH, JR., Justice


CONCUR:
Anderson, C.J.
Drowota, Reid, Holder, JJ.