IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 4, 2001 Session

## HARRY M. PACK v. TINA LEWIN PONAK

**Appeal from the Circuit Court for Lincoln County**
**No. C0000014     F. Lee Russell, Judge**

---

**No. M2000-02285-COA-R3-CV - Filed June 22, 2001**

---

The Lincoln County Circuit Court granted the appellee's motion for summary judgment allowing the sale of real property held as joint tenants with the right of survivorship. We find, however, that whether there is an agreement not to partition the property is a disputed question of fact. We reverse the trial court and remand for further proceedings in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Lincoln County Circuit Court**
**Reversed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, J. and DON R. ASH, SP. J joined.

Jerre Michael Hood, Winchester, Tennessee, for appellant, Tina Lewin Ponak.

Johnny D. Hill, Jr., Fayetteville, Tennessee, for appellee, Harry M. Pack

**OPINION**

**I.**

The parties resided in California, where appellant Tina L. Ponak served as appellee Harry M. Pack's caregiver. Sometime in 1993, they moved to Tennessee and purchased a parcel of real property. The deed, dated April 29, 1993, transferred the real property to them as "joint tenants (and not as tenants in common), the survivor taking . . . ."

Appellant cared for appellee for more than nine years. In February of 2000 the appellee filed a Complaint for Partition. The appellant filed an answer and counter-claim asserting that the parties had an agreement that the property would not be sold and that it would ultimately become hers as compensation for her services.

The appellee filed a motion for summary judgment and attached a "Statement of Undisputed Material Facts." The unsworn statement simply recited the provisions of the deed and referred to an affidavit of a real estate agent giving his opinion that the property could not be partitioned in kind.

The appellant filed an unsworn response to the appellee's statement, pointing out that the parties' agreement that the property be held and not sold was still a disputed fact. The trial judge granted the motion for summary judgment.

## II.

Upon review of a grant of summary judgment, this Court must determine whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). As this inquiry involves purely a question of law, our review is de novo without a presumption of correctness. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn. 1996). Summary judgments are appropriate only where there is no genuine issue of material fact relevant to the claim or defense contained in the motion and the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See* Tenn. R. Civ. P. 56.03; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Courts reviewing summary judgments must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). In view of these standards, we turn now to the legal principles involved in this appeal.

In *Bunch v. Bunch*, No. 02A01-9705-CH-00106, 1998 WL 46217, at *3 (Tenn. Ct. App. 1998), this court held that a person holding title to land as a joint tenant with a right of survivorship could, nevertheless, seek a partition under Tenn. Code Ann. § 29-27-101.[1] We also held that a joint tenant who participated in the creation of the joint tenancy was not estopped from seeking partition unless the other joint tenants justifiably relied to their detriment on the acts of the joint tenant seeking partition. But, in line with the courts of other states, we recognized that a joint tenant could, by contract, give up the right to partition. That, it seems to us, is the position the appellant has taken in this case, and whether such an agreement exists is still a disputed fact.

In this case, the appellee has not even denied the allegation in the answer and counterclaim that he promised to retain the property for the ultimate benefit of the appellant in exchange for her promise to render services to him. Certainly, he has not provided any evidence negating the existence of the agreement so that the burden of proof shifts to the appellant. As our Supreme Court said in *Byrd v. Hall*, "[a] conclusory assertion that the non-moving party has no evidence is clearly insufficient" to shift the burden to the non-moving party to produce its evidence of the fact on which it relies. 847 S.W.2d 208 at 215 (Tenn. 1993). Since the record does not negate the existence of an

---

[1] *Bunch* does not tell us how the proceeds should be divided when the parties have a right of survivorship. It appears to us that the division presents a very complicated problem.

agreement that the property would not be sold, summary judgment allowing the sale for partition should not be granted.[2]

We reverse the summary judgment in favor of the appellant and remand the cause to the Circuit Court of Lincoln County for further proceedings. Tax the costs on appeal to the appellee, Harry M. Pack.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

---

[2]The appellant has filed a motion to dismiss the case based on the fact that, post-trial, the appellee transferred his interest to a third party. We think this issue should be presented to the trial court on remand. Therefore, we overrule the motion filed in this court.