IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 16, 2005 Session

# RANDY E. RICE, PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES NEIL RICE v. ANDREW JOHNSON BANK, ET AL.

### Appeal from the Circuit Court for Greene County
### No. 03CV737    John K. Wilson, Judge

### No. E2004-01469-COA-R3-CV - FILED MARCH 29, 2005

James Neil Rice ("Mr. Rice") applied to Mountain Life Insurance Company ("Mountain Life") for a credit life insurance policy to cover the principal amount of a loan made to him by Andrew Johnson Bank ("the Bank"). When Mr. Rice died, Randy E. Rice, Personal Representative of the Estate of James Neil Rice ("Plaintiff"), made demand upon Mountain Life and the Bank to tender the policy proceeds to satisfy the loan. When Mountain Life and the Bank refused this demand, Plaintiff filed suit. Both Mountain Life and the Bank filed motions for summary judgment. The Trial Court granted the motions for summary judgment holding, *inter alia*, that no contract of insurance existed because Mr. Rice's application never was approved or accepted by Mountain Life and, therefore, no insurance policy was issued to Mr. Rice. Plaintiff appeals the grant of summary judgment. We vacate and remand.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;
### Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Bryan B. Martin and Thomas C. McKee, Johnson City, Tennessee, for the Appellant, Randy E. Rice, as personal representative of the Estate of James Neil Rice.

Thomas L. Kilday, Greeneville, Tennessee, for the Appellee, Andrew Johnson Bank.

Lewis S. Howard, Jr. and Heather Gunn Anderson, Knoxville, Tennessee, for the Appellee, Mountain Life Insurance Company.

## OPINION

### Background

On October 15, 2001, Mr. Rice obtained a loan from the Bank. At that time, Mr. Rice completed an application for Group Creditor-Debtor Insurance ("the Application") to insure the principal amount of the loan. The Application stated, in pertinent part:

> I understand that this Application is subject to approval. If it is approved, the Application will become a part of the certificate to which it is attached.

> Upon acceptance of the insurance and within 30 days of the incurred indebtedness, the Insurer shall cause a certificate of insurance to be delivered to you. If the insurance is not approved, any premium paid will be refunded. However, if a valid claim arises before action has been taken, insurance will not be denied for lack of insurability.

Mr. Rice paid the premium to obtain the insurance. The Bank submitted the application to Mountain Life and retained a portion of the premium paid by Mr. Rice pursuant to its agreement with Mountain Life.

The Bank received a letter from Mountain Life dated February 14, 2002, which acknowledged receipt of Mr. Rice's application and stated that "before coverage on the applicant can be accepted, the underwriting department will need to review his medical records. This will cause a delay in the processing of this application."

By letter dated March 1, 2002, Mountain Life advised the Bank that it could not "accept coverage on the application sent for [Mr. Rice]..." as it had determined that Mr. Rice was not eligible due to his medical history. Mountain Life enclosed its portion of the premium along with the letter and requested that the Bank apply it and the Bank's portion of the premium back to the loan. Mountain Life's letter also requested the Bank to notify Mr. Rice and to forward an enclosed copy of the letter to Mr. Rice. A notation at the end of the letter states: "CC: James N. Rice . . . ."

An employee of the Bank, Debbie Shelton, placed a telephone call to Mr. Rice on March 6, 2002, and left a message on Mr. Rice's answering machine requesting a return call. Mr. Rice did not return the call.

Mr. Rice died in August of 2002. Plaintiff in his capacity as personal representative of the Estate of James Neil Rice made a formal demand to Mountain Life and the Bank requesting tender of the proceeds of the policy to satisfy Mr. Rice's loan. Both Mountain Life and the Bank refused this demand. Plaintiff then sued Mountain Life and the Bank claiming, among other things,

that Mountain Life and the Bank breached their contract of insurance with Mr. Rice by wrongfully rejecting coverage, that Mr. Rice never was given notice of cancellation and that the premium he paid was not fully refunded, that Mr. Rice never was informed that his insurance was not in effect, and that Mountain Life and the Bank should be estopped from denying that coverage was in place. Plaintiff's complaint also included, among other things, a claim that Mountain Life and the Bank violated the Tennessee Consumer Protection Act.

Both Mountain Life and the Bank filed motions for summary judgment claiming, in part, that there never was a contract of insurance between Mountain Life and Mr. Rice. Plaintiff served requests for admissions upon both Mountain Life and the Bank. In its response to Plaintiff's request for admissions, Mountain Life admitted it did not provide any actual notice to Mr. Rice that it would not accept coverage of Mr. Rice's loan. However, when Mountain Life was asked to admit that it "did not send a copy of the letter from Mountain Life Insurance Company dated March 1, 2002, to James Neil Rice . . . that indicated that Mountain Life Insurance Company would not accept coverage of James Neil Rice's October 15, 2001, loan", Mountain Life denied this assertion. In its response to Plaintiff's request for admissions, the Bank admitted it did not provide written notice to Mr. Rice that Mountain Life had denied coverage of the loan, but stated it assumed that Mountain Life had given Mr. Rice notice pursuant to their previously established custom and practice. The Bank also admitted it did not forward to Mr. Rice a copy of Mountain Life's March 1, 2002 letter denying coverage.

Both Mountain Life and the Bank filed affidavits in support of their motions for summary judgment. Debbie Shelton, a loan processor for the Bank, filed an affidavit stating, among other things:

> Upon receiving from the insurance company the premium refund check of $1,152.45 this amount was immediately credited to Mr. Rice's account. Thereafter, and after it came to our attention that this credited amount represented only 60% of the total premium amount, the balance of the premium amount of $768.30 was also credited to Mr. Rice's account together with interest that had accrued on the account from the time of receiving notice of the insurance company's rejection of the application until the credit was applied.

The Trial Court entered an order on May 10, 2004, granting summary judgment to both Mountain Life and the Bank holding "*inter alia*, the application for credit life insurance of James Neil Rice was never approved or accepted by Mountain Life Insurance Company, no certificate of insurance was delivered to him and no policy of insurance at any time issued . . . ."

Plaintiff appeals to this Court.

## Discussion

While Plaintiff raises several issues on appeal, the dispositive issue is whether the Trial Court erred in granting summary judgment.

In *Blair v. West Town Mall*, our Supreme Court recently reiterated the standards applicable when appellate courts are reviewing a motion for summary judgment. *Blair v. West Town Mall,* 130 S.W.3d 761 (Tenn. 2004). In *Blair*, the Court stated:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *See Staples v. CBL & Assoc., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: 1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and 2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Staples*, 15 S.W.3d at 88.

> * * *

>> When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact.

>> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

*Blair,* 130 S.W.3d at 763, 767 (quoting *Staples*, 15 S.W. 3d at 88-89 (citations omitted)).

-4-

Our Supreme Court has also provided instruction regarding assessing the evidence when dealing with a motion for summary judgment stating:

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall,* 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn. 2000).

Tenn. Code Ann. § 56-7-909 provides, in pertinent part:

> If a debtor has paid a premium or an identifiable charge for credit life insurance to the creditor and such insurance is declined by the insurer or otherwise does not become effective, the insurer or creditor shall immediately give written notice to such debtor and shall promptly arrange for refund or credit to the debtor of any premium or identifiable charge paid by the debtor for such insurance plus interest and fees charged thereon.

Tenn. Code Ann. § 56-7-909 (a) (2000).

Under Tenn. Code Ann. § 56-7-909 (a), either Mountain Life, or the Bank, was required to immediately give written notice to Mr. Rice that the insurance had been declined and to promptly arrange for a refund or credit to Mr. Rice of the premium paid and any applicable interest or fees. The Application completed by Mr. Rice provides, in pertinent part, that "if a valid claim arises before action has been taken, insurance will not be denied for lack of insurability." Thus, in order for Mountain Life and the Bank to prevail at the summary judgment stage, it was incumbent upon them to show they had taken action and given Mr. Rice written notice of the denial of coverage before his death. Otherwise, under the terms of the Application itself, coverage could not be denied for lack of insurability.

A thorough review of the record reveals that a genuine issue of material fact exists as to whether Mountain Life or the Bank ever provided Mr. Rice with written notice of the denial of insurance. Mountain Life argues that its refusal to admit that it "did not send a copy of the letter from Mountain Life Insurance Company dated March 1, 2002, to James Neil Rice . . . that indicated that Mountain Life Insurance Company would not accept coverage of James Neil Rice's October 15, 2001, loan" means that it did send such a letter. However, an unsworn denial is not the same as an affirmative statement that Mountain Life did send such a letter to Mr. Rice regarding the denial of coverage. We believe a fair reading of Mountain Life's refusal to admit that it "did not send a copy

of the letter. . . to James Neil Rice. . ." to be only that it takes the position that it did so by enclosing a copy of that letter with the original to the Bank with instructions to the Bank to send the copy of the letter on to Mr. Rice. Such a denial, under the facts of this case, is not equivalent to an affirmative statement that written notice was sent by Mountain Life to Mr. Rice. Mountain Life has made no such affirmative statement that it did send the required written notice directly to Mr. Rice, and the Bank affirmatively stated that it did not provide Mr. Rice with written notice and did not forward a copy of Mountain Life's letter to Mr. Rice.

Viewing the evidence in the light most favorable to Plaintiff, the nonmoving party, and drawing all reasonable inferences in Plaintiff's favor, as we must, we find there is a genuine issue at this summary judgment stage with regard to the material fact of whether Mountain Life or the Bank provided Mr. Rice with written notice of the denial of coverage before the claim arose upon his death. This being so, the defendants neither negated an essential element of Plaintiff's claim nor conclusively established an affirmative defense. Therefore, summary judgment was not proper, and we vacate the summary judgment in its entirety.

### Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for such further proceedings as are necessary consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed equally against the Appellees, Andrew Johnson Bank and Mountain Life Insurance Company.

_____
D. MICHAEL SWINEY, JUDGE