IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 28, 2007 Session


**JOHN C. KERSEY, SR. v. JOHN BRATCHER, ET AL.**


**Appeal from the Chancery Court for Rutherford County**
**No. 05-1491MI     Donald P. Harris, Senior Judge**

---

**No. M2006-01319-COA-R3-CV - Filed September 14, 2007**

---

John C. Kersey, Sr. ("Plaintiff") sued John Bratcher, Clerk of the Chancery Court for Rutherford County, Tennessee ("Bratcher"); Beverly Raechelle Wilson, Deputy Clerk of the Chancery Court ("Wilson"); and Michelle Blaylock, Judicial Assistant to Circuit Judge Rogers ("Blaylock"), claiming, in part, that the defendants had violated Tenn. Code Ann. § 10-7-503 regarding records open to public inspection. Blaylock filed a motion for summary judgment, and Bratcher and Wilson filed a motion to dismiss for failure to state a claim upon which relief can be granted. After a hearing, the Trial Court granted Blaylock's motion for summary judgment and Bratcher's and Wilson's motion to dismiss. Plaintiff appeals to this Court. We affirm.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**


D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., filed a separate concurring opinion, and SHARON G. LEE, J., filed a separate dissenting opinion.


John C. Kersey, Sr., Murfreesboro, Tennessee, Pro Se Appellant.

D. Randall Mantooth, Nashville, Tennessee, for the Appellees, John Bratcher and Beverly Raechelle Wilson.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and P. Robin Dixon, Jr., Assistant Attorney General, for the Appellee, Michelle Blaylock.

# OPINION

## Background

In May of 2005, Plaintiff went to the office of the Clerk and Master of the Chancery Court for Rutherford County and requested access to the court file of a divorce case involving an elected official of the Town of Smyrna, Tennessee ("the File"). Plaintiff was informed by Wilson that the judge had the File. Plaintiff insisted upon being allowed to view the File. Wilson suggested that Plaintiff return on another day when the File might be available, but Plaintiff continued to insist that he be allowed to view the File immediately. Wilson then told Plaintiff he would have to speak to Bratcher and told Plaintiff where Bratcher's office was located.

Plaintiff went to Bratcher's office. A few minutes after Plaintiff arrived at Bratcher's office, Bratcher entered the office accompanied by two sheriff's deputies. Bratcher asked Plaintiff what he wanted and when Plaintiff told Bratcher he wanted to view the File, Bratcher informed Plaintiff that Judge Rogers had the File. Plaintiff continued to insist upon seeing the File. Bratcher contacted Judge Rogers' office by telephone, and then sent Plaintiff to Judge Rogers' office accompanied by the deputies.

When Plaintiff entered Judge Rogers' office, he encountered Blaylock who told Plaintiff to sit down on the couch and that she would allow Plaintiff to view the File. Plaintiff took offense to being told to sit on the couch and refused to sit and became loud. At that point, Plaintiff was escorted from Judge Rogers' office by the deputies.

Plaintiff sued the defendants claiming they were in violation of Tenn. Code Ann. § 10-7-503 regarding records open to public inspection. Wilson and Bratcher filed a motion to dismiss for failure to state a claim upon which relief can be granted. Blaylock filed a motion for summary judgment accompanied by Blaylock's affidavit which stated, in pertinent part:

> 2. On May 26, 2005, at approximately 11:15 a.m., I received a phone call from Raechelle Wilson, Deputy Clerk of the Chancery Court, regarding the whereabouts of [the File]. I explained the file was currently on Judge Rogers' desk for review and potential recusal. I also explained the judge should be finished with the file that afternoon.
>
> 3. At approximately 11:20 a.m., I received a phone call from John Bratcher, Clerk and Master of the Chancery Court, requesting if there was any way Mr. Kersey could come to my office to review the file. I agreed and asked Mr. Bratcher to allow the sheriff's security deputies accompanying Mr. Kersey to escort him to my office.
>
> 4. When Mr. Kersey arrived at the office, I handed him the case file and told him he could review the documents while seated on our office couch. Mr. Kersey said he

did not have to listen to me and would stand. I told Mr. Kersey I did not want him to stand above me and again said he could review the case file while seated on the office couch. Mr. Kersey became belligerent and stated I could not tell him what to do and he did not have to listen to me. After again explaining to Mr. Kersey he would have to review the materials while seated on the office couch, he started to argue again and raise his voice.

5. I asked the deputies to remove Mr. Kersey from my office. Deputy Rick Emslie took the file from Mr. Kersey, returned it to me and escorted him from the office.

After hearing argument on the motion to dismiss and the motion for summary judgment, the Trial Court entered its Order of Judgment on May 17, 2006 incorporating by reference the Trial Court's memorandum opinion in which the Trial Court found and held, *inter alia*:

[I]t is reasonable to request persons requesting access to public records to do so in a specific location that will not interfere with the operation of the office and allow the person examining the record to be observed by employees who are charged with the record's safekeeping. Otherwise, the functioning of a public office could be disrupted or public records could be altered or destroyed.

* * *

[T]he court is of the opinion the complaint fails to state a cause of action against the Defendants, John Bratcher and Beverly Raechelle Wilson and their Motion to Dismiss is granted. The Defendant, Michelle Blaylock, is entitled to a summary judgment in that her actions, as a matter of law, did not amount to a violation of the Tennessee Public Records Act.

Plaintiff appeals to this Court.

### Discussion

Although not stated exactly as such, Plaintiff raises two issues on appeal: 1) whether the Trial Court erred in granting Bratcher and Wilson's motion to dismiss for failure to state a claim upon which relief can be granted; and, 2) whether the Trial Court erred in granting Blaylock summary judgment. Blaylock raises an additional issue regarding whether this appeal should be dismissed as moot because Plaintiff has had access to the File and reviewed it after Plaintiff filed this action.

Plaintiff's claims rest upon his allegations that the defendants violated Tenn. Code Ann. § 10-7-503 regarding records open to public inspection. As pertinent to this appeal, Tenn. Code Ann. § 10-7-503 provides:

(a) Except as provided in § 10-7-504(f), all state, county and municipal records and all records maintained by the Tennessee performing arts center management corporation, except any public documents authorized to be destroyed by the county public records commission in accordance with § 10-7-404, shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

Tenn. Code Ann. § 10-7-503 (Supp. 2006). Also pertinent to this appeal, Tenn. Code Ann. § 10-7-505 provides, in part:

(a) Any citizen of Tennessee who shall request the right of personal inspection of any state, county or municipal record as provided in § 10-7-503, and whose request has been in whole or in part denied by the official and/or designee of the official or through any act or regulation of any official or designee of any official, shall be entitled to petition for access to any such record and to obtain judicial review of the actions taken to deny the access.

Tenn. Code Ann. § 10-7-505 (1999).

We first address whether the Trial Court erred in granting Bratcher and Wilson's motion to dismiss for failure to state a claim upon which relief can be granted. Our standard of review as to the granting of a motion to dismiss is set out in *Bell v. Icard* in which our Supreme Court explained:

A Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action as a matter of law. In ruling upon a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true. The motion to dismiss should be denied unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. In considering this appeal from the trial court's grant of the defendants' motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions de novo with no presumption of correctness. Tenn. R. App. P. 13(d); (Citations omitted).

*Bell v. Icard,* 986 S.W.2d 550, 554 (Tenn. 1999).

As pertinent to this issue, the relevant factual allegations contained in Plaintiff's complaint are: that Bratcher has the responsibility under Tennessee law to maintain all files for the Chancery Court of Rutherford County; that Wilson is under the direct supervision of Bratcher; that

after Plaintiff requested to view the File, Wilson told Plaintiff the File was not available because the judge had the File; that Wilson told Plaintiff that if Plaintiff returned the next day the File might be available; that Wilson and Bratcher each inquired why Plaintiff wanted to see the File; that Wilson called the sheriff's deputies; and that Bratcher called Judge Rogers' office and asked the sheriff's deputies to accompany Plaintiff to Judge Rogers' office where the File was.

Even assuming that these facts are true, which we must at this stage, such facts do not state a cause of action. Plaintiff did not allege that Wilson or Bratcher denied his request to see the File either "in whole or in part." Tenn. Code Ann. § 10-7-505 (1999). Rather, Plaintiff's allegations are that Wilson and Bratcher both told Plaintiff that the judge had the File, that Wilson suggested that Plaintiff return another day when the File might be available, and that when Plaintiff insisted upon immediate access to the File Bratcher made it possible for Plaintiff to go to Judge Rogers' office where the File was at that time. Instead of denying Plaintiff access, Wilson suggested another time when the File might be available and Bratcher made it possible for Plaintiff to have immediate access to the File. Given all this, Plaintiff failed to state a cause of action upon which relief could be granted, and the Trial Court properly granted Bratcher and Wilson's motion to dismiss. While Plaintiff is correct that his motive or reason for wishing to review the File was immaterial, the defendants' asking Plaintiff why he wished to review the File, while improper, did not result in Plaintiff being refused access to the File. While this question should not have been asked of Plaintiff, no defendant conditioned Plaintiff's access to the File upon Plaintiff's answering this question.

We next address whether the Trial Court erred in granting Blaylock summary judgment. In *Blair v. West Town Mall*, our Supreme Court reiterated the standards applicable when appellate courts are reviewing a motion for summary judgment. *Blair v. West Town Mall,* 130 S.W.3d 761 (Tenn. 2004). In *Blair*, the Court stated:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *See Staples v. CBL & Assoc., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: 1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and 2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Staples*, 15 S.W.3d at 88.
>
> * * *
>
> When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set

forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact.

> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

*Blair,* 130 S.W.3d at 763, 767 (quoting *Staples*, 15 S.W. 3d at 88-89) (citations omitted)).

Our Supreme Court has also provided instruction regarding assessing the evidence when dealing with a motion for summary judgment stating:

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall,* 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn. 2000).

Plaintiff's sworn complaint alleges that when he entered Blaylock's office:

51. Defendant BLAYLOCK, with an outstretched arm and a pointing index finger directed at PLAINTIFF, ordered "You go over there (Defendant BLAYLOCK pointing to a couch) and sit down and I will <u>allow</u> you to see the file."

\* \* \*

53. PLAINTIFF responded: "You don't give me orders! I'll stand and review the file."

54. Moments later PLAINTIFF was ordered to leave Defendant BLAYLOCK'S office and PLAINTIFF was never allowed to see the requested file.

Even viewing the evidence in the light most favorable to Plaintiff and drawing all reasonable inferences in Plaintiff's favor, again as we must at this stage, we find that Blaylock did not deny Plaintiff's request to view the File either "in whole or in part." Tenn. Code Ann. § 10-7-505 (1999). Rather, as Plaintiff's complaint states, Blaylock told Plaintiff that he could view the File. Blaylock made a reasonable request that Plaintiff sit on the office couch while viewing the File. We agree with the Trial Court that:

> [I]t is reasonable to request persons requesting access to public records to do so in a specific location that will not interfere with the operation of the office and allow the person examining the record to be observed by employees who are charged with the record's safekeeping. Otherwise, the functioning of a public office could be disrupted or public records could be altered or destroyed.

The record reveals that Blaylock made the reasonable request that Plaintiff review the record at a designated location, while sitting on her office couch rather than continue standing over her. Instead of complying with this reasonable request, or even asking to view the File in another location, Plaintiff became belligerent and argumentative, which resulted in his being asked to leave Blaylock's office. While members of the public have the right to view a public record, our General Assembly has not given them either the right to demand that such viewing be done strictly on their terms or the right to disrupt the functioning of a public official's office to the detriment of all other citizens of this state, as Plaintiff did, by refusing the official's reasonable request that the record be reviewed at a specific location.

As Blaylock did not deny Plaintiff's request to view the File either "in whole or in part," Blaylock negated an essential element of Plaintiff's claim. Tenn. Code Ann. § 10-7-505 (1999). There is no genuine issue of material fact and Blaylock is entitled to summary judgment as a matter of law. We, therefore, affirm the grant of summary judgment.

Given our determination regarding Plaintiff's issues, we decline to address the issue raised by Blaylock.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, John C. Kersey, and his surety.

_____
D. MICHAEL SWINEY, JUDGE