# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 9, 2008  Session

## L. L. LUTER, IND., ET AL. V. THE VANDERBILT UNIVERSITY D/B/A VANDERBILT STALLWORTH REHABILITATION HOSPITAL

**Appeal from the Circuit Court for Davidson County**
**No. 06C-1398     Hamilton Gayden, Judge**

---

**No. M2007-02744-COA-R3-CV - Filed January 30, 2009**

---

Plaintiff, son and next-of-kin of decedent, appeals grant of summary judgment to hospital in negligence and wrongful death action.  Finding no error in the action of the trial court, we affirm the decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Mark Chapman and Ronald A. Stewart, Nashville, Tennessee, for the appellant, L. L. Luter, individually and as representative next of kin of decedent, Betty Stratton.

Tom Corts, Nashville, Tennessee, for the appellee, Vanderbilt University d/b/a Vanderbilt Stallworth Rehabilitation Hospital.

## MEMORANDUM OPINION[1]

Plaintiff, L. L. Luter, is the son of Ms. Betty Stratton, who was admitted to Vanderbilt Stallworth Rehabilitation Hospital ("VSRH") on May 26, 2005, for in-patient physical and occupational therapy.  At the time of her admission Ms. Stratton had numerous medical problems, including having had her right leg amputated above the knee, osteoarthritis, and coronary heart disease.  Mr. Luter alleges that VSRH employees negligently failed to attend to Mrs. Stratton's

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

movement, as a result of which she suffered bed sores, and that Ms. Stratton was not given rehabilitation services. He further alleges that, on June 5, 2005, as Mrs. Stratton was being removed from her bed by a VSRH employee, she was negligently dropped to the floor. Ms. Stratton was transferred to Lourdes Hospital on July 26, 2005, where she died of heart failure. The complaint alleges that:

> 10. VSRH's continuous failure to provide Mrs. Stratton with proper rehabilitative measures and the negligent dropping from her bed along with the intentional concealment of the dropping was a violation of the applicable standard of medical care and these violations were a contributing cause of her death, resulting in the loss of Mrs. Stratton's society and comfort to the plaintiff.

VSRH filed a motion for summary judgment, supported by the affidavits of Mary Beth Spaman, a nurse who was present with Mrs. Stratton on June 5, 2005, and Nathan Johnson, Director of Quality Management at VSRH; a report relative to the incident on June 5; and a statement of undisputed facts. Plaintiff filed a response to the statement of undisputed facts. In reply to the Plaintiff's response, VSRH filed the deposition of Dr. Timothy Ranval, the peripheral vascular surgeon who treated Mrs. Stratton during the last few weeks of her life.

Following a hearing, the court granted summary judgment, finding:

> . . . there is nothing to contradict the proof submitted by Vanderbilt Stallworth concerning the allegation that Mrs. Stratton failed to receive rehabilitative measures at Stallworth. The Court further finds that plaintiffs have failed to submit any evidence to support their allegation that Stallworth was in any way negligent in treating Mrs. Stratton's bed sores.
> . . . the Court finds there is no evidence to support the fact that any alleged fall at Vanderbilt Stallworth was a legal or proximate cause of Mrs. Stratton's death.

## I. STANDARD OF REVIEW

The issues were resolved in the trial court upon summary judgment. Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. V. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). This court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1977). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Godfrey v. Ruis*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we first determine whether factual disputes exist. If a factual dispute exists, we then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d 208,214 (Tenn. 1993); *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998).

## II. DISCUSSION

Mr. Luter's main argument on appeal is that "the facts and issues surrounding this appeal are derived upon negligence and not malpractice" and that the negligence at issue "can be readily assessed on the basis of common everyday experience as opposed to a determination of medical science or specialized skill issues." Thus, Mr. Luter contends, it was not necessary to produce expert testimony to respond to the summary judgment motion. Mr. Luter correctly points out the difference between a case grounded in ordinary negligence and one grounded in medical malpractice[2] and that expert proof is not necessary when the conduct at issue constitutes negligence. He cites specifically the fall Ms. Stratton allegedly suffered while being transferred from her bed as the conduct constituting ordinary negligence and, relying upon his affidavit, as well as an investigative report of the Tennessee Department of Health, contends that genuine issues of material fact exist, such as to preclude a grant of summary judgment.

The summary judgment analysis has been clarified in two recent opinions by the Tennessee Supreme Court. *See Martin v. Norfolk Southern Railway Co.*, No. E2006-01021-SC-R11-CV, 2008 WL 4922434, ___ S.W.3d ___ (Tenn. Nov. 14, 2008); *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1 (Tenn. 2008). A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; *accord Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000). The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). Accordingly, a properly supported motion for summary judgment must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). The moving party may make the required showing and therefore shift the burden of production to the nonmoving party by either: (1) affirmatively negating an essential element of the nonmoving party's claim; or (2) showing that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008); *see also McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215 n.5. If the moving party makes a properly supported motion, then the nonmoving party is required to produce evidence of specific facts establishing that genuine issues

---

[2] *Peete v. Shelby County Health Care Corp.* 938 S.W.2d 693 (Tenn Ct. App. 1996) explained the distinction as follows:

> Medical malpractice cases typically involve a medical diagnosis, treatment or other scientific matters. The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring specialized skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of common everyday experience by the trier of fact.

938 S.W.2d at 696.

of material fact exist. *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215. The nonmoving party may satisfy its burden of production by:

> (1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06.

*McCarley*, 960 S.W.2d at 588; *accord Byrd*, 847 S.W.2d at 215 n.6.

Applying this analytical framework to this case, in order to shift the burden of production to Mr. Luter, VSRH was required to either affirmatively negate an essential element of Mr. Luter's claim or show that he could not prove an essential element of his claim at trial. If VSRH made its required showing, then Mr. Luter was required to produce evidence of specific facts establishing that genuine issues of material fact exist.

In support of its motion for summary judgment, VSRH submitted the affidavit of Mary Beth Spaman, R.N., who was in the room with Ms. Stratton on June 5, 2005, and stated as follows:

> On the evening of June 5, 2005, I was in room 2229 with the patient, Betty Stratton. My purpose in being in the room was to assist her to a bedside commode. We were waiting for a second assistant to come help us when the patient slid off her bed into my arms. She did not strike the floor and I slowly lowered her to the floor. She was actually sitting on my feet when assistance came to the room and we lifted her onto the bedside commode. Mrs. Stratton did not fall to the floor. There was no visible injury as a result of her sliding off the bed into my arms.

The affidavit of Ms. Spaman negated an essential element of Mr. Luter's claim, *viz.*, that Ms. Stratton was "dropped and fell violently and painfully" to the floor, thereby shifting the burden to him to come forward with proof to establish a triable issue of fact.

In response, Mr. Luter filed his own affidavit, stating in pertinent part:

> On or about June 6, 2005, my mother, Betty Stratton informed me that on June 5, 2005, two nurses (one male and one female) came to her room to assist her to the commode. In the nurses [sic] attempt to transport my mother to the bedside commode they negligently fell and all parties fell to the floor. My mother, Betty Stratton fell unto the hip of her leg that had recently been amputated. I witnessed her distress and concern that Vanderbilt Stallworth Rehabilitation Hospital would not be able to provide proper care for her in the future. I became extremely concerned that my mother was not receiving proper care and in my investigation of the falling

incident, it appeared that Vanderbilt Stallworth Rehabilitation Hospital would not admit any wrongdoing.

Rule 56.06, Tenn. R. Civ. Proc., governing the form of affidavits to be filed in support of and in response to motions for summary judgment, requires that such affidavits be "made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Mr. Luter's affidavit fails to comply with this rule inasmuch as his knowledge of the fall alleged therein is not based on his personal knowledge but, rather, on what his mother told him the day after the incident. In addition, the facts asserted in the affidavit, based on such hearsay, would not be admissible in evidence.

Neither the incident report nor Mr. Luter's affidavit contain facts showing that the nurses were negligent in any respect. Moreover, neither show that any assertedly negligent conduct of VSRH caused or contributed to Mrs. Stratton's death or caused any damage to her. To the contrary, Dr. Ranval testified that Ms. Stratton's death was as a result of a "potential lethal combination of problems" and that any fall she may have received did not block off the blood flow to her leg. Consequently, Mr. Luter failed in his burden to produce "specific facts establishing that genuine issues of material fact exist." *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215. Summary judgment on Mr. Luter's negligence claims was proper.[3]

In his brief and at argument, Mr. Luter does not contest the trial court's grant of summary judgment on the allegations that VSRH did not provide rehabilitative services and that VSRH was negligent in treating Mr. Stratton's bed sores. These are clearly claims grounded in medical malpractice. The affidavit of Nathan Johnson detailed the treatment afforded Ms. Stratton's bedsores, as well as the rehabilitation services provided to her during her stay; he also opines that the treatment Ms. Stratton received complied with the standard of care for hospitals in Davidson County. Mr. Luter did not file a countervailing affidavit or proof of any facts that would establish a genuine issue of fact for trial. Summary judgment on the malpractice claims was also proper.

## III. CONCLUSION

For reasons above, we find no error with the trial court's and, consequently, affirm same. Costs of this appeal are assessed against Mr. Luter.

_____
RICHARD H. DINKINS, JUDGE

---

[3] In light of this holding, it is not necessary for us to decide whether the transfer of Ms. Stratton under the circumstances presented was an activity requiring specialized training and knowledge.