IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 8, 2009 Session

## JOSEPH BARNA v. PRESTON LAW GROUP, P.C. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 07C-580      Joe P. Binkley, Jr., Judge**

---

**No. M2008-02560-COA-R3-CV - Filed August 25, 2009**

---

The plaintiff appeals the summary dismissal of his legal malpractice action against his former attorney. In the Complaint, the plaintiff alleges that the defendants, the attorney and his law firm, represented themselves to be "competent in securities law related matters," and that the defendants breached their duty by failing to utilize the requisite skill and competency while representing him in a claim against a brokerage firm in arbitration before a panel of the National Association of Securities Dealers. The defendants moved for summary judgment, which was supported by the affidavit of the attorney who represented the plaintiff in arbitration. The trial court granted the motion, finding that the plaintiff had failed to present evidence sufficient to create a genuine issue of material fact regarding damages and causation. We have determined that the defendants' motion and supporting affidavit failed to either affirmatively negate an essential element of the plaintiff's claim or establish that the plaintiff cannot prove an essential element of his claim at trial. Having failed to shift the burden of production to the plaintiff, the defendants' motion for summary judgment should have been denied without consideration of the sufficiency of the affidavits of the plaintiff's expert witnesses. Accordingly, we reverse the grant of summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., joined. PATRICIA J. COTTRELL, P.J., M.S., filed a concurring opinion.

Phillip L. Davidson, Nashville, Tennessee, for the appellant, Joseph C. Barna.

C. Bennett Harrison, Jr., and J. Cole Dowsley, Jr., for the appellees, Preston Law Group, P.C., and G. Kline Preston, IV.

**OPINION**

The matters before the court arise from the Complaint filed in this action by Joseph Barna ("Plaintiff") against attorney G. Kline Preston, IV, and the Preston Law Group, PC (collectively

1

"Defendants") for damages allegedly resulting from Defendants' negligent representation of Plaintiff during an arbitration before a panel of the National Association of Securities Dealers ("NASD").

In January 2003, Plaintiff filed a pro se claim with the NASD against Firstrade Securities, Inc. ("Firstrade"), alleging Firstrade had violated its own rules and Internal Revenue Service rules. On June 11, 2005, Plaintiff entered into a representation agreement with Defendants in which Defendants agreed to represent Plaintiff in the arbitration proceeding before the NASD panel. Defendants represented Plaintiff in preparation for and throughout the arbitration proceedings with Firstrade. The arbitration panel found in favor of Firstrade on all issues, awarding no damages to Plaintiff. Thereafter, Plaintiff filed this action against Defendants.

In the Complaint, Plaintiff asserted that he suffered extensive losses in IRA and brokerage accounts in 2000 and 2001, which losses were attributable to the negligence and misconduct of Firstrade, that he filed an arbitration proceeding against Firstrade seeking to recover his losses, that Defendants represented themselves to Plaintiff "as competent in securities law related matters," and that Defendants breached their duty in that they failed to utilize the skill and competency in the representation of Plaintiff that a reasonably prudent attorney competent in such matters would utilize under similar circumstances. In paragraph 11 of the Complaint, Plaintiff alleged with particularity how Defendants breached their duty:

> a. They failed to revise the statement of claim. Plaintiff requested that the Defendants prepare a new and corrected statement of claim.
>
> b. They failed to obtain an expert witness for the hearing.
>
> c. They failed to recognize and present at the hearing the violations committed by Firstrade and failed to provide documentation about the NASD/NYSE rule violations.
>
> d. They failed to take reasonable steps to obtain the presence of all the persons needed as witnesses at the hearing.
>
> e. They failed to prepare and research the case adequately.
>
> f. They failed to present at the hearing that Firstrade had not followed New York Stock Exchange rules and its own rules in connection with the Grossover extension of credit.
>
> g. They failed to subpoena the required documents needed for the hearing.
>
> h. They failed to recognize and present at the hearing that Firstrade had not followed the IRS rules and its own rules in connection with using the IRA account to cover margin calls and the IRA rollover within a 12-month period.

i. They failed to present the case at the hearing. They told Plaintiff 15 minutes before the hearing that they were going to make the opening statement, but Plaintiff would have to present the case because he knows more about the case than they do.

j. They failed to develop the case around the following violations:

"Know Your Customer Rule"
"Margin Disclosure Rule"
"Suitability Rules and Regulations"
"Sec. T + 3 Days Requirements" (must liquidate securities)
"Churning Rules and Regulations"
"NYSE Rule Regarding Discount Brokers Duty"

k. They failed to recognize and present at the hearing that Firstrade was negligent by not following the NASD and its own rules in connection with the selling of the securities immediately to protect its customers' financial interest and satisfy the margin requirements. The customer does not have a right to an extension of time on a margin call.

After filing an Answer, in which they denied any liability to Plaintiff, Defendants filed a motion for summary judgment. In support of their motion, Defendants filed a supporting affidavit of G. Kline Preston, IV, in which he states that he is familiar with the standards of care for a practicing attorney in Tennessee and that at all times he exercised proper skill and care. Furthermore, the affidavit states that Defendants' acts or omissions in no way caused Plaintiff damages. In response, Plaintiff filed affidavits of two attorneys, Mr. Michael J. Betts and Mr. Michael K. Radford. Mr. Radford is licensed in Tennessee, and Mr. Betts is licensed in Pennsylvania. The trial court excluded the affidavit of Mr. Betts because it found Mr. Betts was not familiar with the standard of care in Tennessee. In his affidavit, Mr. Radford states that Defendants were negligent and that had they acted within the appropriate standard of care, the likelihood of Plaintiff succeeding before the NASD panel would have been "much greater."

Without stating whether Defendants' motion that was supported by one affidavit had shifted the burden of production to Plaintiff, the trial court found that Plaintiff presented sufficient proof to create a genuine issue of material fact regarding Defendants' breach of the duty of care, but that Plaintiff had failed to present evidence that he would have succeeded before the NASD panel "but for" Defendants' negligence, and granted Defendants' motion for summary judgment. This appeal followed.

## ANALYSIS

This appeal arises from the grant of summary judgment. Summary judgment is appropriate when a party establishes that there is no genuine issue as to any material fact and that a judgment

may be rendered as a matter of law. Tenn. R. Civ. P. 56.04; *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). It is appropriate in virtually all civil cases that can be resolved on the basis of legal issues alone. *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001) (citing *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993)). It is not appropriate when genuine disputes regarding material facts exist. *See* Tenn. R. Civ. P. 56.04. The party seeking summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that the party is entitled to judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). To be entitled to summary judgment, the moving party must affirmatively negate an essential element of the nonmoving party's claim *or* show that the moving party cannot prove an essential element of the claim at trial. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008).

Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). This court makes a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). We consider the evidence in the light most favorable to the nonmoving party and resolve all inferences in that party's favor. *Stovall*, 113 S.W.3d at 721; *Godfrey*, 90 S.W.3d at 695. When reviewing the evidence, we first determine whether factual disputes exist. If a factual dispute exists, we then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd*, 847 S.W.2d at 215.

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. A properly supported motion for summary judgment must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *see McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). If the moving party makes a properly supported motion, then the nonmoving party is required to establish the existence of the essential elements of the claim. *McCarley*, 960 S.W.2d at 588; *see Byrd*, 847 S.W.2d at 215 n.5. If, however, the moving party does not properly support the motion, then the nonmoving party's burden to produce either supporting affidavits or discovery is relieved and the motion must fail. *McCarley*, 960 S.W.2d at 588; *Martin,* 271 S.W.3d at 83.

To make this showing and shift the burden of production, a moving party may: 1) affirmatively negate an essential element of the nonmoving party's claim; or 2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Martin*, 271 S.W.3d at 83; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *Byrd*, 847 S.W.2d at 215 n.5. Whichever approach the moving party takes, both require more than assertions of the nonmoving party's lack of evidence. *Martin*, 271 S.W.3d at 83-84. In addition, the moving party must present evidence that more than "raises doubts" about the ability of the nonmoving party to prove its claim at trial. *Id.* at 84. The moving party must produce evidence or refer to previously submitted evidence. *Id.*; *accord Hannan*, 270 S.W.3d at 5. Thus, to negate an essential element of a claim, a moving party must refer

4

to evidence that tends to disprove an essential element of the claim made by the nonmoving party. *Martin*, 271 S.W.3d at 84.

Defendants, as the moving party, had the burden to *negate* an essential element of Plaintiff's claim of legal malpractice *or* establish that Plaintiff *cannot prove* an essential element of the claim at trial. *See Martin*, 271 S.W.3d at 83 (citing *Hannan*, 270 S.W.3d at 5; *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215 n.5). Therefore, Defendants were required to shift the burden of production to Plaintiff by either affirmatively negating an essential element of Plaintiff's claim or showing that Plaintiff cannot prove an essential element of his claim at trial. *See Martin*, 271 S.W.3d at 83; *see also Hannan*, 270 S.W.3d at 8-9; *McCarley*, 960 S.W.2d at 588. We have determined Defendants failed to do either; therefore, the motion should have been denied without consideration of the sufficiency of the expert affidavits attached to Plaintiff's response to the motion.

To state a prima facie case of legal malpractice, a plaintiff must establish: 1) the defendant attorney owed a duty to the plaintiff; 2) a breach of that duty; 3) that plaintiff suffered damages as a result of that breach; 4) that defendant attorney's breach was the factual cause of those damages; and 5) that defendant attorney's breach was the proximate, or legal, cause of the plaintiff's damages. *Gibson v. Trant*, 58 S.W.3d 103, 108 (Tenn. 2001); *Shearon v. Seaman*, 198 S.W.3d 209, 214 (Tenn. Ct. App. 2005). The trial court found that Defendants owed a duty to Plaintiff and that there was a genuine issue of material fact regarding whether Defendants breached that duty. Thus, the only grounds upon which Defendants could prevail on summary judgment were that Plaintiff did not suffer damages as a result of that breach; or, if Plaintiff suffered damages, that Defendants' breach was not the factual cause or the legal cause of Plaintiff's damages.

Defendants' motion for summary judgment is supported by one affidavit, that of Kline Preston. We must therefore examine the affidavit to determine whether Defendants shifted the burden of production to Plaintiff. In the first three paragraphs of the affidavit Mr. Preston states *inter alia* that he is a licensed attorney in Tennessee, that his license has never been suspended or revoked, and that on June 11, 2005, Plaintiff engaged him to represent him in the arbitration proceedings involving Firstrade. The first three paragraphs do nothing to shift the burden of production. Therefore, we will focus our analysis on the four remaining paragraphs, which read as follows:

> 4. After reviewing Mr. Barna's materials and speaking with him, I contacted a licensed securities broker, Ray West, to review the file and render an opinion on Mr. Barna's claims against Firstrade. After reviewing the file, including the margin brokerage account information, Mr. West rendered an unfavorable opinion of Mr. Barna's claims against Firstrade. Because of his unfavorable opinion, I decided that Mr. West could not be used as an expert witness at the arbitration and, in fact, Mr. West's opinions would work against Mr. Barna. I could not retain an expert to support Mr. Barna's claims, because Mr. Barna simply did not have a case against Firstrade and I could not get an expert to give an opinion supporting Mr. Barna's claims. I informed Mr. Barna of these facts.

5.  I then readied Mr. Barna's case for the arbitration and prepared detailed trial exhibits concerning Mr. Barna's brokerage and IRA accounts.  On February 9, 2006, the arbitration was held before a panel of NASD arbitrators.  I presented Mr. Barna's case and successfully submitted all of my client's evidence and proof to the panel. During the arbitration, I was surprised to learn for the first time about at least one other securities dispute that Mr. Barna arbitrated before the NASD and lost.  I believe that Mr. Barna's prior record before the NASD significantly affected the panel in this case, and because Mr. Barna had not informed me about these cases, I was unprepared to address this issue.  The NASD arbitration award was issued on February 23, 2006.  The panel found in favor of Firstrade and all of Mr. Barna's claims were denied with prejudice.

6.  I am familiar with the standard of care in this legal community applying to attorneys representing clients in an NASD arbitration.  At all times during my representation of Mr. Barna, I diligently and competently represented Mr. Barna.  At all times during the engagement, I exercised the care, skill and diligence which is commonly possessed and exercised by attorneys practicing in Tennessee. Throughout my representation of Mr. Barna, I abided by the standard of care owed by attorneys to clients and fulfilled my duty by providing the diligent representation to Mr. Barna in the particular circumstances of the arbitration proceeding.

7. I was not negligent and did not deviate from the applicable standard of care in providing legal services to Mr. Barna.  Anything that I did, or allegedly failed to do, in representing Mr. Barna did not cause or will not cause Mr. Barna to incur any injury or damages.  Any injuries or damages allegedly suffered by Mr. Barna were not caused by any negligent act or omission on my part.

Without specifying the applicable standard of care for NASD arbitration, Mr. Preston summarily stated that he is "familiar with the standard of care in this legal community applying to attorneys representing clients in an NASD arbitration." He further stated he "diligently and competently represented Mr. Barna," he "fulfilled his duty to Mr. Barna," he "was not negligent," he "did not deviate from the applicable standard of care," and any damages suffered "were not caused by any negligent act or omission" of his. Mr. Preston also opined, without providing a factual basis upon which his opinion was based, that "Mr. Barna simply did not have a case against Firstrade."

Generally, an expert witness may render an opinion based on facts or data known to the expert; nevertheless, the expert who testifies in terms of opinion may be required to disclose the underlying facts. Tenn. R. Evid. 702, 705.  For purposes of shifting the burden of proof in a motion for summary judgment, an expert's conclusory affidavit neither negates an essential element of a claim nor does it establish an affirmative defense. *See Hannan*, 270 S.W.3d at 8.  In the context of summary judgment, our Supreme Court has stated that conclusory opinions that are not supported by or based upon identified facts are not sufficient to shift the burden of production to the

6

nonmoving party. *See Hannan*, 270 S.W.3d at 8; *see also Blanchard v. Kellum*, 975 S.W.2d. 522, 525 (Tenn. 1998) (reversing summary judgment because the defendant's conclusory affidavit did not trigger the plaintiff's burden in the motion for summary judgment). Therefore, we find that Mr. Preston's conclusory "opinions" regarding Mr. Barna's case against Firstrade and the causation of Mr. Barna's damages, without providing supporting facts, were insufficient to negate an essential element of Mr. Barna's legal malpractice claim – damages or causation – and shift the burden of production.

We will now address the few statements of fact incorporated into Mr. Preston's affidavit. Of the eleven allegations of professional negligence stated in paragraph 11 of the Complaint, the only one Mr. Preston specifically addressed in his affidavit was the failure to obtain an expert witness for the NASD arbitration hearing. Mr. Preston testified that he consulted an expert in securities who rendered an unfavorable opinion, and was unable to find an expert who would support Mr. Barna's case against Firstrade. Mr. Preston's affidavit specifically addressed the factual claim concerning the lack of an expert witness; however, Defendants failed to establish that this fact negates an essential element of Plaintiff's claim against Defendants for malpractice. Unlike claims of professional negligence against doctors and lawyers for which expert testimony is required, Defendants failed to establish that expert testimony was required in Plaintiff's claim against Firstrade. Further, Defendants failed to establish that Plaintiff could not recover damages from Firstrade without an expert witness. Thus, the inability to engage an expert witness for the arbitration proceedings does not negate an essential element of Plaintiff's claim in this action.

Another fact upon which Defendants rely in Mr. Preston's affidavit is the statement that Mr. Preston was not prepared to deal with the surprise development that Plaintiff had filed a prior grievance. We are unable to ascertain how this circumstance, or fact, is relevant. More importantly, Defendants failed to establish that this fact negates an essential element of Plaintiff's claim of malpractice against Defendants. If the last minute revelation has any relevance to these proceedings, it merely raises a doubt about Plaintiff's ability to prove damages, which is not sufficient, in the context of a motion for summary judgment, to shift the burden of production to the nonmoving party. *See McCarley*, 960 S.W.2d at 588.

### IN CONCLUSION

In order for the sufficiency of the affidavits of Plaintiff's expert witnesses to be put at issue, Defendants needed to shift the burden of production to Plaintiff by either affirmatively negating an essential element of Plaintiff's claim or showing that Plaintiff cannot prove an essential element of his claim at trial. *Martin*, 271 S.W.3d at 83; *Hannan*, 270 S.W.3d at 8-9; *McCarley*, 960 S.W.2d at 588. We have determined that Defendants failed to shift the burden of production to Plaintiff; therefore, Defendants' motion for summary judgment should have been denied without consideration of the sufficiency of the affidavits attached to Plaintiff's response to the motion. *See Martin*, 271 S.W.3d at 83.

Therefore, the judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.  Costs of appeal are assessed against the Preston Law Group, P.C., and G. Kline Preston, IV, individually.


_____

FRANK G. CLEMENT, JR., JUDGE