IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 10, 2018 Session

## SUMNER COUNTY, TENNESSEE v. SUSAN SMALL-HAMMER

**Appeal from the Circuit Court for Sumner County**
**No. 2016-CV-957     Joe Thompson, Judge**

_____

### No. M2017-02328-COA-R3-CV

_____

The defendant appeals the imposition of a security interest in her home. The defendant's home, which was destroyed by floods in May of 2010, was demolished and reconstructed with funds the defendant applied for through the HOME Program administered by Sumner County. In applying for the financing, the defendant agreed to "comply with the HOME Program rules and regulations if assistance is approved," one of which was that she must sign a note and deed of trust to secure the repayment obligation. After the defendant repeatedly refused to sign a note and deed of trust, Sumner County filed this action. Sumner County subsequently filed a motion for summary judgment that was properly supported by a statement of undisputed facts pursuant to Tenn. R. Civ. P. 56. Because the defendant did not file a response to the motion or the statement of undisputed facts, and the undisputed facts established that Sumner County was entitled to judgment as a matter of law, the trial court granted Sumner County's motion for summary judgment. This appeal followed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD R. DINKINS and THOMAS R. FRIERSON II, JJ., joined.

SuSan Small-Hammer, Bethpage, Tennessee, pro se.

A. Scott Derrick, Nashville, Tennessee, and Leah Mead May Dennen, Gallatin, Tennessee, for the appellee, Sumner County, Tennessee.

### OPINION

SuSan Small-Hammer ("Defendant") was the owner of a home in Sumner County, Tennessee (the "County") when it sustained catastrophic damage in the floods that devastated large portions of Middle Tennessee in May of 2010. Due to the severe damage

to her home, Defendant applied to the Home Program,[1] which provides funds for low-income individuals to rehabilitate their homes.

A requirement of the Home Program is that the applicant agrees to "comply with the HOME Program rules and regulations if assistance is approved." The Home Program grants are forgiven by a declining repayment obligation over a period of time provided the homeowner continues to reside in the home.[2] One of the rules and regulations of the Home Program is that the program participant, in this case, Defendant, must sign a note and deed of trust to secure the declining repayment obligation.

After Defendant applied to the Home Program, a Home Program inspector inspected Defendant's home and advised the County that the home was not safe or affordable to rehabilitate. Defendant's home was then approved for reconstruction, meaning the damaged structure would be demolished and a new home would be constructed on her property.

Although there were delays in the completion of the home, Defendant took possession of her reconstructed home on or about January 3, 2016. The Tennessee Housing Development Agency approved the project for closure, with the exception of some small items and site work, for which $5,000 was withheld from the contractor. From the time Defendant occupied the home to July 2016, the parties held multiple meetings to reach a final agreement as to the site work, signing of paperwork, and closing out the project. The essential paperwork to be completed included signing the note and deed of trust.

An agreement was never reached, and due to Defendant's noncompliance, the County filed this action on August 31, 2016, in the Circuit Court for Sumner County, Tennessee. On September 15, 2017, the County filed a motion for summary judgment and a memorandum in support, which was properly supported by the Declaration of Kim Ark, the Grant Administrator for Sumner County, and a statement of undisputed material facts. Defendant did not file a response to the motion for summary judgment and did not respond in the manner required by Tenn. R. Civ. P. 56 to the County's statement of undisputed facts. Instead, on September 15, 2015, Defendant filed her "Dispositive

---

[1] According to the Declaration of Kim Ark, the Grant Administrator for Sumner County, the Home Program was established after Sumner County received a $500,000 grant from the Tennessee Housing Development Agency via the United States Department of Housing and Urban Development and the "Home Development Partnership Act." Through this grant and the program instituted by Sumner County with the grant funds it received, the Home Program provided lower income homeowners in Sumner County the ability to apply for funds to rehabilitate their homes.

[2] This is to prevent the owner from quickly reselling the home and profiting from the improvement.

Motion" arguing that the County's complaint should be dismissed.[3] Defendant's Dispositive Motion was not accompanied by any declaration or a statement of undisputed material facts.

On November 6, 2017, the trial court entered a judgment granting the County's motion for summary judgment, imposing a lien on the home, and denying Defendant's Dispositive Motion. Defendant filed a notice of appeal on November 28, 2017.

## ISSUES

Defendant presents three issues for our review; however, we have determined that the dispositive issue is whether the trial court erred in granting the County's Motion for Summary Judgment and denying Defendant's Dispositive Motion because there were no genuine issues of material fact, and the County was entitled to judgment as a matter of law.[4]

## ANALYSIS

We first note that Defendant, who is pro se and has no legal training, is entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). As we explained in *Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003):

[T]he courts must…be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts

---

[3] Defendant also filed a counter-complaint against the County which was dismissed. According to the trial court in its November 6, 2017 judgment, most of the arguments in the Dispositive Motion are the same arguments that were raised in the counter-complaint.

[4] Defendant listed the issues as follows:

1. Whether the Circuit Court erred in holding there were no genuine or relevant issues of material facts.

2. Whether the Trial Court erred in holding that my Dispositive Motion consisted of mere allegations when I presented the Court with documents proving coercion, intimidation and fraud (unclean hands) by Sumner County. Equity follows that law, stating that anyone seeking relief should be barred by its own misconduct from receiving relief regardless of how inarticulate my motion was.

3. Whether the Court erred in disallowing all of my evidence as proof of disputed material facts that Sumner County failed to adhere to Section 504 of the Rehabilitation Act of 1973, Title II of the Americans Disability Act requirements and non compliance with the department of justice and Fair House Act. See 42 U.S.C. 3604 (f) (3).

must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. . . . Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

(internal citations omitted). These same rules apply at the summary judgment stage.

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). In so doing, we consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id.* Instead, the nonmoving party must respond with specific facts showing that there is a genuine issue for trial. *Id.* A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

Tenn. R. Civ. P. 56.03 specifies how a litigant is to submit evidence to the court in accordance with his or her motion for summary judgment:

In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule

56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

If the non-moving party has asserted additional facts, the moving party shall be allowed to respond to these additional facts by filing a reply statement in the same manner and form as specified above.

Furthermore, Tenn. R. Civ. P. 56.06, explains:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

As previously discussed by this court, "failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal." *Holland v. City of Memphis*, 125 S.W.3d 425, 429 (Tenn. Ct. App. 2003); *see Whalum v. Marshall*, 224 S.W.3d 169, 178-80 (Tenn. Ct. App. 2006). In this case, the County filed a motion for summary judgment and a memorandum in support, which was properly supported by the Declaration of Kim Ark, the Grant Administrator for Sumner County, and a statement of undisputed material facts. However, and importantly, Defendant did not file a response to the motion for summary judgment and did not respond to the County's statement of undisputed material facts. Nevertheless, on September 15, 2015, Defendant filed her "Dispositive Motion" arguing that the County's complaint should be dismissed. Defendant's Dispositive Motion was not accompanied by any declaration or a statement of undisputed material facts. Under Tenn. R. Civ. P. 56, due to Defendant not responding to the County's statement of undisputed material facts, we must take the County's submitted statement of undisputed material facts as the facts in this case. *See* Tenn. R. Civ. P. 56.06. Therefore, we may examine only the County's statement of undisputed material facts to determine whether the County is entitled to summary judgment based on these facts.

From a review of those facts, it is undisputed that Defendant applied for and received a grant from the Home Program. As a part of her application, Defendant agreed to comply with the rules and regulations of the Home Program, one of which was to sign a deed and note of trust in accordance with the declining repayment obligation. Therefore, Defendant was obligated to sign the deed and note of trust. Since Defendant did not sign a deed and note of trust, the County was entitled to a lien upon Defendant's home, and the trial court's grant of summary judgment was proper.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against appellant, SuSan Small-Hammer.

_____
FRANK G. CLEMENT JR., P.J., M.S.